**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

STATE FARM FIRE AND CASUALTY COMPANY

Plaintiff, Case No.: 1:26-cv-1953

v.

UNITED STATES OF AMERICA,

Defendant.

---

**COMPLAINT**

---

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by its attorneys, for its Complaint against Defendant, the United States of America, alleges as follows:

## INTRODUCTION

1. Plaintiff, State Farm Fire and Casualty Company ("State Farm"), brings this action against the United States of America ("United States") under the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 (FTCA). The place of occurrence is Algoma, Wisconsin. The claim arises from a boat that was towed to shore by a member of the United States Coast Guard, acting within the scope of his or her office or employment. During the tow, the boat was damaged.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b).

3. Defendant, United States of America, is liable under the FTCA for the negligent acts and omissions of employees of the United States Coast Guard acting within the course and scope of their federal employment.

4. On or about December 5, 2025, State Farm Fire and Casualty Company executed an administrative Federal Tort Claim for property damage which was transmitted to the United States Coast Guard. On December 8, 2025 the United States Coast Guard confirmed receipt of State Farm Fire and Casualty Company's claim. To date, no determination on State Farm Fire and Casualty Company's claim has been received. As the agency failed to make a final disposition of State Farm Fire and Casualty Company's claim within six months, State Farm Fire and Casualty Company has exhausted all administrative remedies. Pursuant to 28 U.S.C. § 2675(a), the claim is therefore deemed denied and State Farm Fire and Casualty Company is entitled to pursue this action.

5. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1402(b) because the acts and omissions giving rise to this action occurred within this District.

## PARTIES

6. Plaintiff, State Farm Fire and Casualty Company ("State Farm"), is an insurance company licensed to sell insurance in the State of Wisconsin, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois.

7. Defendant, the United States of America, is proper Defendant under the FTCA for acts committed by its agency, the United States Coast Guard. Under the FTCA, the United States shall be liable, respecting the provision of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

## FACTS

8. All prior paragraphs are incorporated by reference.

9. At all times relevant and material hereto, Kelly Field's 1977 Trojan Yacht F-Series boat (the vessel) was insured under a policy of insurance with State Farm Fire and Casualty Company.

10. On May 29, 2024, at approximately 9:00 a.m., Kelly field was fishing offshore near coordinates 44°36'51" N, 87°25'97" W when an electrical malfunction caused the motor on the vessel to fail.

11. Unable to operate the vessel, Ms. Field contacted the United States Coast Guard for assistance.

12. The United States Coast Guard responded aboard Coast Guard vessel CG-45672 and undertook a towing operation.

13. In undertaking and performing the tow, Coast Guard personnel owed a duty to exercise reasonable care in handling, controlling, securing, and towing the vessel.

14. During the course of the tow, the vessel was damaged. This damage included ripping a cleat from the side of the vessel, tearing the rub rail from the vessel, scratching and damaging the exterior side of the vessel, and damaging the interior ceiling of the vessel.

15. The estimated cost of repairs to the vessel came to $18,580.90. The vessel was valued at $20,000. As a result, State Farm determined the vessel was a total loss.

16. At the time of the damage, the vessel had a salvage value of $3,000.00

17. After a full investigation of the facts and pursuant to the contract of insurance, State Farm determined it was reasonable and necessary to pay to or on behalf of its insured the sum of $17,000.00 – the value of the vessel at the time of the damage less the salvage amount.

18. Pursuant to its policy of insurance and the laws of the State of Wisconsin, State Farm is subrogated to the rights of its insured against the persons or entities responsible for the aforementioned property damage, to the extent of the aforementioned payments.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT**

19. All prior paragraphs are incorporated by reference.

20. At all relevant times, federal employees, agents, representatives, or personnel employed with the United States Coast Guard owed Kelly Field a duty to use reasonable care in handling, controlling, securing, and towing the vessel.

21. Federal employees, agents, representatives, or personnel breached that duty by negligently or wrongfully failing to secure, control, or tow the vessel to shore.

22. As a direct and proximate result of the negligent or wrongful acts or omissions of federal employees, agents, representatives, or personnel acting within the line and scope of their federal employment, Kelly Field's vessel was damaged.

23. Under the FTCA, the United States is liable in the same manner and to the same extent as a private person would be liable under like circumstances.

**WHEREFORE,** State Farm Fire and Casualty Company demands judgment against the United States of America in an amount to be determined, plus prejudgment interest, all taxable costs, fees and disbursements and all other just and equitable relief.

Dated this 21st day of October, 2026.

**YOST & BAILL, LLP**
*Attorneys for Plaintiff,*
State Farm Fire and Casualty Company

*Electronically signed by: Catlin C. Pegelow*
Catlin C. Pegelow
State Bar No: 1115595
2675 North Mayfair Road
Suite 600
Milwaukee, WI 53226
Telephone: (414) 203-0600
Facsimile: (414) 259-0610

cpegelow@yostbaill.com